UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

KENNETH ZEHNDER,

Plaintiff,

v.

MICHAEL MAIN, et al.,

Defendants.

Case No. 22-cv-11638

U.S. District Court Judge
Gershwin A. Drain

_____/

## OPINION AND ORDER SUMMARILY DISMISSING THE COMPLAINT (ECF No. 1) AND DENYING MOTION FOR AN EXTENSION OF TIME TO CURE THE DEFICIENCY (ECF No. 10)

Plaintiff Kenneth Zehnder is an inmate currently confined at the Saginaw County Jail in Saginaw, Michigan.  On July 12, 2022, he initiated the instant action by filing a civil rights complaint alleging deprivation of Islamic services as well as religious and legal materials.  *See* ECF No. 1.  He also filed an application to proceed without prepaying fees or costs, ECF No. 2, along with a computerized trust fund account statement that did not include a signed certification as required by 28 U.S.C. § 1915(a)(2), *see* ECF No. 1, PageID.7-12.

1

On July 19, 2022, Magistrate Judge David R. Grand signed an Order of Deficiency, requiring Plaintiff to either pay the $ 350.00 filing fee and $ 52.00 administrative fee in full or to provide a signed certification of his trust account from an authorized jail official within thirty days. ECF No. 3. On September 2, 2022, Plaintiff provided this Court with another computerized trust fund account statement. ECF No. 9. Like the trust fund account statement Plaintiff submitted earlier, this one also lacks certification. *See id*. Thus, Plaintiff's application is deficient because he failed to submit a signed certification regarding his jail trust fund account.

Title 28 U.S.C. § 1915(a)(2) requires a prisoner seeking to proceed without prepayment of fees and costs in a federal civil complaint to file a certified copy of his or her trust fund account statement. The certified statement must cover the six-month period immediately preceding the filing of the complaint or notice of appeal, and it must be certified by the appropriate official of each prison at which the prisoner is or was confined. *Id.*; *see also McGore v. Wrigglesworth*, 114 F. 3d 601, 605 (6th Cir. 1997), *overruled on other grounds*, *Jones v. Bock*, 549 U.S. 199, 203 (2007).

If a prisoner who does not pay the full filing fee fails to provide an affidavit of indigency or a certified trust account statement, "the district court must notify the

2

prisoner of the deficiency[,] and the prisoner will then have thirty days from the date of the deficiency order to correct the error or pay the full filing fee." *McGore*, 114 F. 3d at 605. If the inmate fails to comply with the district court's directions, "[t]he district court must presume that the prisoner is not a pauper and assess the inmate the full amount of fees." *Id.* The district court must then order that the case be dismissed for want of prosecution. *Id.*; *see also Erby v. Kula*, 113 F. App'x 74, 75 (6th Cir. 2004) (concluding district court did not abuse discretion by dismissing case for want of prosecution where plaintiff failed to comply with deficiency order regarding documentation needed to proceed *in forma pauperis*).

Plaintiff has failed to provide the Court with a signed certification regarding his trust fund account. An uncertified trust fund account statement, or one that lacks a signature, is insufficient to satisfy the filing requirements for permitting a prisoner to proceed *in forma pauperis* under § 1915(a)(2). Nor does it cure the deficiency in this case. *See Hart v. Jaukins,* 99 F. App'x. 208, 209-10 (10th Cir. 2004) (dismissing appeal as premature and for failing to state a claim where plaintiff-appellant "submitted a trust fund account statement, apparently oblivious to the necessity for certification"); *see also Moore v. Vantifflin,* No. 2009 WL 224548, * 1-2 (E.D. Mich. Jan. 30, 2009) (finding uncertified trust fund account statement did not correct the deficiency and dismissing complaint).

3

On September 20, 2022, Plaintiff filed a motion for an extension of time to cure the deficiency. ECF No. 10. The copy of Plaintiff's motion is illegible in parts, but Plaintiff appears to argue that he did not timely receive a copy of the Deficiency Order because he was transferred from the Isabella County Jail to the Saginaw County Jail. Plaintiff claims that he was given a COVID-19 test on September 19, 2022 (he does not say what the result was) and claims that authorities were planning to transfer him to an unknown facility within 72 hours. Additionally, Plaintiff claims that he only learned about the Deficiency Order from his assistant federal defender on September 20, 2022.

The Sixth Circuit has stated:

> A prisoner may seek leave to extend the thirty-day time period to correct any filing deficiency regarding pauper status. The district court may, in its discretion, grant such an extension for up to thirty days, as long as the inmate files the extension motion within thirty days after the district court files the order of deficiency. To be viable, an extension motion must be filed within thirty days of the deficiency order, unless the prisoner makes an affirmative showing that he or she did not receive the deficiency order within the thirty days. If such a showing is made in a notarized statement or a declaration complying with 28 U.S.C. § 1746 and setting forth the date the inmate received the deficiency order, the district court may, in its discretion, grant an additional thirty days from the date of the filing of the extension order to allow the prisoner to correct the deficiency. The extension motion is deemed filed when the inmate gives the document to prison officials for mailing. *See Houston v. Lack*, 487 U.S. 266, 270, 108 S.Ct. 2379, 2382, 101 L.Ed.2d 245 (1988). When the inmate places the motion in the prison mail

4

system, the inmate must provide with the extension motion a notarized statement or declaration complying with 28 U.S.C. § 1746, setting forth the date of deposit, and stating that first class postage was prepaid. This declaration assures the court that the documents were timely given to prison officials.

*McGore*, 114 F.3d at 605.

Here, the Court declines to grant the motion for an extension of time because it was filed more than 30 days after the Order to Correct the Deficiency was entered. Although Plaintiff claims that he did not timely receive a copy of the Deficiency Order, this Court cannot grant Plaintiff an extension because his statement is not notarized or in a declaration compliant with 28 U.S.C. § 1746. Plaintiff's claim that he did not receive the Deficiency Order prior to September 20, 2022 is also belied by the fact that a second application to proceed without prepayment of fees was sent to this Court on September 2, 2022. This strongly suggests that Plaintiff received a copy of the Deficiency Order prior to that date and was attempting to correct it.

Plaintiff failed to correct the deficiency order. Thus, the Court will dismiss the Complaint without prejudice for want of prosecution due to Plaintiff's failure to fully comply with the Deficiency Order. *See e.g.*, *Erby,* 113 F. App'x. at 75-76; *Skofic v. Michigan*, No. 21-12268, 2022 WL 1050515, at *1 (E.D. Mich. Apr. 7, 2022).

5

Accordingly, **IT IS HEREBY ORDERED** that the Complaint is **DISMISSED WITHOUT PREJUDICE** under 28 U.S.C. § 1915(a)(2) and (b)(1) and (2) for failure to comply with the filing requirements of the Prison Litigation Reform Act.  Nothing in this Order precludes Plaintiff from filing a new civil rights complaint under a new case number so long as he pays the filing and administrative fees or provides the complete and correct information necessary to proceed without prepayment of fees.

**IT IS SO ORDERED**.

/s/ Gershwin Drain
GERSHWIN A. DRAIN
UNITED STATES DISTRICT JUDGE

Dated:  September 29, 2022

CERTIFICATE OF SERVICE

Copies of this Order were served upon attorneys of record on
September 29, 2022, by electronic and/or ordinary mail.
/s/ Teresa McGovern
Case Manager

6