UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

K<span>ENNETH</span> Z<span>EHNDER</span>,

    Plaintiff,

v.

M<span>ICHAEL</span> M<span>AIN</span>, et al.,

    Defendants.
_____/

Case No. 22-cv-11638

U.S. District Court Judge
Gershwin A. Drain

### OPINION AND ORDER GRANTING MOTION FOR RELIEF FROM JUDGMENT (ECF No. 13), GRANTING PLAINTIFF AN EXTENSION OF TIME TO CURE THE DEFICIENCY, AND REOPENING THE CASE TO THE COURT'S ACTIVE DOCKET

Plaintiff Kenneth Zehnder is an inmate currently confined at the Federal Correctional Institution in Milan, Michigan. On July 12, 2022, he initiated the instant action by filing a civil rights complaint alleging deprivation of Islamic services as well as religious and legal materials. *See* ECF No. 1. He also filed an application to proceed without prepaying fees or costs, ECF No. 2, along with a computerized trust fund account statement that did not include a signed certification as required by 28 U.S.C. § 1915(a)(2), *see* ECF No. 1, PageID.7-12.

1

On July 19, 2022, Magistrate Judge David R. Grand signed an Order of Deficiency, requiring Plaintiff to either pay the full $ 350.00 filing fee and $ 52.00 administrative fee or provide a signed certification of his trust account from an authorized jail official within thirty days. ECF No. 3. On September 2, 2022, Plaintiff provided this Court with another computerized trust fund account statement. ECF No. 9. Like the trust fund account statement Plaintiff submitted earlier, this one also lacked certification. *See id*. The Court thus summarily dismissed Plaintiff's complaint without prejudice on September 29, 2022 because he failed to timely cure. *Zehnder v. Main*, No. 22-CV-11638, 2022 WL 4591644, *2 (E.D. Mich. Sept. 29, 2022). The Court also denied Plaintiff's motion for an extension of time to cure the deficiency because it was untimely and not accompanied by a notarized statement or declaration compliant with 28 U.S.C. § 1746. *Id*.

Presently before the Court is Plaintiff's Motion for Relief from Judgment. *See* ECF No. 13. For the following reasons, the Court **GRANTS** Plaintiff's Motion.

Under Federal Rule of Civil Procedure 60(b), a motion for relief from judgment can be granted for the following reasons:

> (1) mistake, inadvertence, surprise, or excusable neglect;
> (2) newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under Rule 59(b);

2

> (3) fraud (whether heretofore denominated intrinsic or extrinsic), misrepresentation, or other misconduct of an adverse party;
> (4) the judgment is void;
> (5) the judgment has been satisfied, released, or discharged, or a prior judgment upon which it is based has been reversed or otherwise vacated, or it is no longer equitable that the judgment should have prospective application; or,
> (6) any other reason justifying relief from the operation of the judgment.

The party seeking to invoke Rule 60(b) bears the burden of establishing that its prerequisites are satisfied. *See Jinks v. AlliedSignal, Inc.,* 250 F. 3d 381, 385 (6th Cir. 2001).

Plaintiff brings his motion for relief from judgment under Fed. R. Civ. P. 60(b)(1). A Rule 60(b)(1) motion for relief from judgment is only available in two situations: "(1) when a party has made an excusable mistake or an attorney has acted without authority, or (2) when the judge has made a substantive mistake of law or fact in the final judgment or order." *U.S. v. Reyes*, 307 F.3d 451, 455 (6th Cir. 2002).

Plaintiff contends that this Court made a mistake of fact when denying his request for an extension of time to cure his filing deficiency. *See generally* ECF No. 13. This Court rejected plaintiff's motion for an extension of time as follows:

> Here, the Court declines to grant the motion for an extension of time because it was filed more than 30 days after the Order to Correct the Deficiency was entered. Although Plaintiff claims that he did not timely receive a copy of the Deficiency Order, this Court cannot grant

3

> Plaintiff an extension because his statement is not notarized or in a declaration compliant with 28 U.S.C. § 1746. Plaintiff's claim that he did not receive the Deficiency Order prior to September 20, 2022 is also belied by the fact that a second application to proceed without prepayment of fees was sent to this Court on September 2, 2022. This strongly suggests that Plaintiff received a copy of the Deficiency Order prior to that date and was attempting to correct it.

*Zehnder v. Main*, 2022 WL 4591644, at * 2.

In his current motion for relief from judgment, Plaintiff now attaches a declaration that complies with 28 U.S.C. § 1746. Plaintiff reasserts that he did not timely receive a copy of the Deficiency Order because he was transferred from the Isaballa County Jail, where he was incarcerated at the time that he filed the complaint, to the Saginaw County Jail. *See* ECF No. 14. He further asserts that the application to proceed *in forma pauperis* filed on September 2, 2022 was inadvertent, and Plaintiff was instead trying to serve Defendants. *Id.* at PageID.98. Because Plaintiff has now complied with 28 U.S.C. § 1746, the Court will grant the motion for relief from judgment. The Court will give Plaintiff a thirty-day extension of time to cure the filing deficiency by providing a signed certification of his trust account from an authorized jail or prison official.

Accordingly, **IT IS HEREBY ORDERED** that Plaintiff's Motion for Relief from Judgment (ECF No. 13) is **GRANTED**. Plaintiff is **ORDERED** to cure the

4

filing deficiency within **thirty (30) days** from the date of this order. Failure to comply will result in dismissal of this action without prejudice.

**IT IS FURTHER ORDERED** that the Clerk of Court is **DIRECTED** to reopen this case to the Court's active docket to allow Plaintiff to cure his filing deficiency and to facilitate any additional actions in this case.

**IT IS SO ORDERED**.

/s/ Gershwin Drain
GERSHWIN A. DRAIN
UNITED STATES DISTRICT JUDGE

Dated: January 26, 2023

CERTIFICATE OF SERVICE

Copies of this Order were served upon attorneys of record on
January 26, 2023, by electronic and/or ordinary mail.
/s/ Teresa McGovern
Case Manager

5